UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALINDER BALINDER<br>(A-Number: 246-920-525),<br><br>        Petitioner,<br><br>    v.<br><br>TONYA ANDREWS, et al.,<br><br>        Respondents. | No. 1:26-cv-06002-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Balinder Balinder is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by count two of the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pursuant to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v.*

1

*Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5.

Respondents acknowledge that this case raises those issues. *See* Doc. 6. While respondents maintain that petitioner is "an 'applicant for admission' who is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)," they do not dispute petitioner's assertion that immigration authorities released him on bond in 2023 pursuant to 8 U.S.C. § 1226(a). *See* Doc. 1 at ¶ 3; Doc. 6-1 (noting that petitioner was issued a discretionary notice to appear in 2023).

Respondents acknowledge that this "case is in the category of immigration habeas cases for which the Court has typically ordered immediate release," and they do not request that the Court order an alternative remedy, such as a bond hearing. *See id.* They further "request to submit on this pleading without additional documentation beyond the attachments provided and request that the Court rule on the Petition in its entirety." *Id.* at 2.

As respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Balinder Balinder (A-Number: 246-920-525) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

2

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    August 3, 2026   

_____

UNITED STATES DISTRICT JUDGE